d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFREY T. WHITE, Plaintiff | CIVIL ACTION NO. 1:18-CV-00744 |
| VERSUS | JUDGE DRELL |
| CHAD FUQUA, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 5) filed by Defendant Concordia Parish Sheriff's Department ("CPSD").  CPSD maintains that it is not a legal entity capable of being sued, and therefore, should be dismissed from this lawsuit.  Plaintiff Jeffrey T. White ("White") requested, and was granted, an extension of time to oppose CPSD's motion. (Docs. 10, 13).  White did not file an opposition.

Because, as a matter of law, CPSD is not a "juridical person" capable of being sued under La. Civ. C. art. 24, CPSD's Motion to Dismiss (Doc. 5) should be GRANTED, and White's claims against CPSD should be DISMISSED WITH PREJUDICE.

I.   Background

In the opening sentence of the Complaint, White asserted that he was proceeding "by and through his attorneys." (Doc. 1, p. 1).  However, the attorneys White named never made an appearance in the case, and did not sign the Complaint. Current counsel for White – that is, different counsel from the attorneys named in

the Complaint – enrolled roughly four months after White filed the Complaint. (Doc. 12). Thus, White filed the Complaint pro se.

White named a number of individuals and entities as Defendants, including John Cowan as "Chief of the Concordia Parish Sheriff's Department." (Doc. 1, p. 17). White also makes allegations against CPSD, as an entity, in his "Introduction" and "Parties" sections of the Complaint. (Id., pp. 1-2, 16). While naming the purported Defendants, White stated: "Defendant City of Vidalia (officer/paramedic) & Parish of Concordia Sheriff's (officers), hereinafter 'Defendant City of Vidalia' is a Louisiana municipal corporation and is the legal entity responsible for itself and for the Concordia Parish Sheriff's Department." (Id., p. 17). Construed liberally and broadly, as it must be, the Complaint thus identifies CPSD as a Defendant.

White has neither amended the Complaint nor otherwise dismissed its claim against CPSD. Thus, CPSD remains a Defendant, along with the City of Vidalia and John Cowan.

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016). Nonetheless, a court may dismiss a claim when it is clear that a plaintiff can prove "'no set of facts in support of his claim which would entitle him to relief.'" Kane Enterprises v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

  B. **CPSD is not a "juridical person" capable of being sued.**

Under Fed. R. Civ. P. 17(b), as to parties which are neither individuals nor corporations, "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located." Under Louisiana law, "[a]n entity must qualify as a juridical person to have the capacity to be sued." Dejoie v. Medley, 41,333 (La.App. 2 Cir. 12/20/06, 4), 945 So.2d 968, 972. "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members." La. Civ. C. art. 24.

It is well settled that a sheriff's department or office is not a juridical person with the capacity to be sued. See, e.g., Cozzo v. Tangipahoa Par. Council--President Gov't, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity

3

capable of being sued . . . ."); <u>Williams v. Ouachita Par. Sheriff's Dep't</u>, CV 17-0060, 2017 WL 4401891, at *3 (W.D. La. Aug. 28, 2017), report and recommendation adopted, CV 17-0060, 2017 WL 4399277 (W.D. La. Oct. 3, 2017) ("[T]he Ouachita Parish Sheriff's Department cannot be sued and must be dismissed, with prejudice."). Accordingly, White can prove no set of facts which would entitle him to relief against CPSD, as a sheriff's department. White's claims against CPSD should be dismissed, in their entirety and with prejudice.

### III.   Conclusion

Because Defendant CPSD is not a juridical person capable of being sued, CPSD's Motion to Dismiss (Doc. 5) should be GRANTED, and White's claims against CPSD should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the

legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this  11th  day of March, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE